**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 3 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RODNEY R. GARNEAU,

      Petitioner - Appellant,

v.

RON WARD,

      Respondent - Appellee.

No. 04-6158
(D.C. No. 02-CV-1374-M)
(W.D. Okla.)

**ORDER**

Before **EBEL, MURPHY,** and **McCONNELL**, Circuit Judges.

      Petitioner-appellant Rodney Garneau appeals the district court's decision denying him habeas relief, see 28 U.S.C. § 2254, from his Oklahoma convictions on two counts of first-degree rape and one count of committing indecent or lewd acts with a child under the age of sixteen. At trial, evidence indicated that Garneau had been sexually abusing his girlfriend's eight-year-old daughter for several years. The trial court sentenced Garneau to prison terms of twenty, twenty-five and ten years to run consecutively. On appeal, Garneau now asserts his appellate attorney was constitutionally ineffective in failing to raise, on direct appeal, three claims challenging trial counsel's representation: trial counsel failed 1) to investigate adequately the State's medical evidence, and its admissibility;

2) to present mitigating witnesses and evidence in Garneau's defense; and 3) to demur to the State's evidence at the close of the State's case.[1]

We grant Garneau's motion to proceed in forma pauperis. See 28 U.S.C. § 1915(a)(1). But to pursue this appeal, he must also obtain a certificate of appealability (COA). See 28 U.S.C. § 2253(c)(1). And to be entitled to a COA, Garneau must make a "substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). To make this showing, he must establish that "reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved [by the district court] in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (quotations omitted). Garneau has failed to make

---

[1]     Before the district court, Garneau raised a number of other claims, alleging the State denied him trial transcripts and a fair post-conviction proceeding; his appellate attorney was ineffective for failing to raise, on direct appeal, claims challenging the prosecutor's conduct in asking the victim leading questions and presenting perjured testimony, arguing Garneau's convictions were based on "improper influence/motive to fabricate," and hearsay, and asserting Garneau is actually innocent; Garneau's trial counsel was ineffective in failing to investigate adequately the State's medical evidence, and its admissibility, and to present "any reasonable line of defense;" the prosecutor improperly asked the victim leading questions and allowed the State's witnesses to commit perjury; the evidence was insufficient to support the second rape conviction; Garneau was denied due process because "of improper influence/motive to fabricate," and hearsay; and he is actually innocent. Dist. Ct. R. Doc. 1 at 24, 26, 31. Garneau, however, does not reassert these claims now on appeal.

that showing. For substantially the reasons relied upon by the district court, therefore, we DENY Garneau a COA and DISMISS this appeal.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge